INTERNATIONAL BANK, Respondent, v. ENDERLE
et al., Defendants; PRYIBIL, Appellant.

**St. Louis Court of Appeals, October 20, 1908.**

1. BILLS AND NOTES: Indorser: Estoppel.   Where one, who
signed a note on the back and thereby become prima facie
maker, was afterwards sued on the note as maker by the payee,
a bank, and introduced evidence to show that he was an in-
dorser, not a maker, the bank was not estopped, by having en-
tered his name on its books as indorser and by calculating
interest on the note from its date, before he had signed it, to
deny that the defendant did not sign as indorser.

2. ———: ———: Delivery: Signing After Delivery.   Mere
delivery of possession of the note to the payee is subject to
explanation and if it is so delivered with the understanding
between the party making the delivery and the payee that an-
other party is to sign as maker, then the delivery is not com-
plete until such condition is complied with.

3. ———: ———: Instructions.   In an action on a promissory
note against the defendant as maker, where the defense is set
up that the defendant was indorser and not maker, instructions
asked by the defendant and refused by the court are set out
at length and held they were properly refused.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse
A. McDonald,* Judge.

AFFIRMED.

*Frank E. Richey* and *Campbell Allison* for appel-
lant.

(1)   The undisputed evidence is that Enderle made
the note sued on, of date January 25, 1898, and that a
number of days after that date, the note being then in the
possession of the plaintiff and at the plaintiff's place of
business, the defendant placed his name on the back of
the said note; therefore, the law presumes: (a)   That
the note had been delivered by Enderle to the plaintiff
bank.  1 Daniel on Negotiable Instruments (5th Ed.),
sec. 65, p. 84; Griswold v. Davis, 31 Vt. —; Knapstein.

v. Tinnette, 156 Ill. 322.   (b)   That the note had been delivered by Enderle to the plaintiff, on the day of its date, January 25, 1898.   Daniel on Negotiable Instruments (5 Ed.), sec. 65, and cases cited.   Cranston v. Goss, 107 Mass. 439; Emery v. Vinall, 26 Me.   (c)   That the note took effect on the day of its delivery, i. e., on January 25, 1898.   (2)   It is the well-settled law that one not a payee nor an endorsee on a note, who places his name thereon after the delivery thereof to the payee, becomes, if, anything, merely a guarantor.   Howard v. Jones, 10 Mo. App. 81; Howard v. Jones, 13 Mo. App. 595; Adams v. Huggins, 73 Mo. App. 140; Lowenstein v. Sorge, 75 Mo. App. 280; Hill v. Combs, 92 Mo. App. 242.   (3)   The uncontradicted evidence having disclosed that the defendant Pryibil placed his name on the back of the note sued on, some days after its execution and delivery to the bank by Enderle, was at least some evidence that Pryibil was a guarantor and not a joint maker of the note, and the refusal of the court to give an instruction as to the legal effect of Pryibil's endorsement of the note after its execution and delivery by Enderle, ignored a part of the evidence in the case, and in effect told the jury to ignore it.   The instructions "should embrace all the issues which there is any evidence to support."   "Instructions should be given with reference to the whole case and not with reference to a few of the facts involved."   Hoffman v. Parry, 23 Mo. App. 20; Wyatt v. Railroad, 62 Mo. App. 408; Raysdon v. Trumbo, 52 Mo. 35; Chappell v. Allen, 38 Mo. 213; Fitzgerald v. Hayward, 50 Mo. 516; Jackson v. Boyles, 67 Mo. 609; Greer v. Parker, 85 Mo. 107.   The defendant Pryibil, having written his name on the back of the note after its execution and delivery by Enderle to the bank became a guarantor of the said note.   His obligation to the plaintiff was not a joint obligation with Enderle, but a separate, distinct and independent engagement of the defendant's own.   Corbyn v. Brokmeyer,

84 Mo. App. 652; Stagg v. Linnenfelser, 59 Mo. 336; Burnham v. Gosnell, 47 Mo. App. 637; Powell v. Thomas, 7 Mo. 221.

*Carter, Collins & Jones* for respondent.

(1) "It has long been the settled law of this State that one who writes his name on the back of a note of which he is neither payee or endorser, becomes prima facie liable as a comaker, and will be held to be such in the absence of extrinsic evidence that it was the contract or understanding of the parties at the time he so endorsed it, that he should be liable only as an endorser." Appellant is therefore liable on the note as comaker unless he has established a contract or understanding at the time, that his liability should be something different. Boyer v. Boogher, 11 Mo. App. 130; Powell v. Thomas, 7 Mo. 440; Baker v. Block, 30 Mo. 225; Cahn v. Dutton, 60 Mo. 299; Semple v. Turner, 65 Mo. 697.

(2) To overcome this prima-facie liability as a comaker, and make it that of a guarantor or surety in this case, appellant must show that he did not place his signature on the note or agree to do so until after it had been negotiated and delivered by Enderle to the bank, and Enderle had received the consideration therefor from the bank; that the deal between Enderle and the bank had been wholly completed, and that he, Pryibil, signed the note as a subsequent and distinct transaction, not in any way connected with the formation of the note. Howard v. Jones, 13 Mo. App. 596; Hill v. Combs, 92 Mo. App. 252; Bank v. Wells, 98 Mo. App. 573; Stagg v. Lingensfelter, 59 Mo. 342; Lowenstein v. Sorge, 75 Mo. App. 281; Corbyn v. Brockmeyer, 84 Mo. App. 649. (3) "No contract arises upon a bill of exchange or promissory note until the delivery of the instrument. By delivery is meant a transfer of the possession of the instrument with intent to transfer the title thereto and the acceptance thereof with intent to receive title." 4 Am. and Eng. Ency Law, 201-202.

BLAND, P. J.—The action originated in a justice's court. In due course an appeal was taken to the St. Louis Circuit Court where, on a trial *de novo* to a jury, verdict and judgment were for respondent. The action is founded on the following promissory note:

"$140. . St. Louis, Mo., Jan. 25, 1898.

"On demand after date I promise to pay to the order of International Bank of St. Louis, one hundred and forty dollars, for value received, at the International Bank of St. Louis, with interest from date at the rate of eight per cent per annum.

"GEO. J. ENDERLY,

"Eighteenth and Pine St."

The back of said note is in words and figures as follows:

"OSCAR PRYIBIL.

"Feb. 11, 1898, 95c Int. added extending note to Feb. 25-98.

"Feb. 28, 1898, Paid 5.95 on @ of Prin. Int. 87c added extending note to Mcg. 25-98.

"Mar. 29, 1898, Paid 5.87 on @ Prin. Int. 88c added extending note to Apr. 25-98.

"May 3, 1898, Paid 10.88 on @ Prin. Int. 80c added extending note to May 25-98.

"June 28, 1898, Paid 10.80 on @ Prin.

"June 28, 1908, Int. 1.50 added to do extending note to July 25-98."

On the trial respondent elected to proceed against appellant as a maker of the note. Appellant testified that he was not in the city of St. Louis on the date of the note, but some days afterward he returned, was called into the bank by the cashier, who produced the note, and he then wrote his name across the back of it; that he received nothing from the proceeds of the note. The note ledger of respondent was produced, and the

note was entered thereon as discounted on February 1, 1898. . On this ledger under appropriate headings, was entered the number, date, amount, date of discount, etc., of all notes discounted by respondent. There was also a column headed "Indorsers," in which was written all the names appearing upon the back of notes discounted. Appellant's name appeared in this column. The indorsement of February 11, 1898, "95c Int.. added," shows that interest was calculated on the note from January 25th, the date of the note. On this evidence, and the evidence that the bank's ledger showed his name was entered in the column headed "Indorsers," appellant contends that his peremptory instruction (asked at the close of all the evidence) should have been given. For the reason the cashier who presented the note to appellant to be signed or indorsed by him was dead at the time of the trial, there was no direct evidence with respect to the capacity in which appellant wrote his name across the back of the note. He being neither a payee or an indorsee of the note, it is conceded that, presumptively, he indorsed the note as a maker. In these circumstances this presumption continued, unless overthrown by evidence that appellant signed as an indorser, therefore, the peremptory instruction could not have been given, unless the evidence to overthrow the presumption was so clear and convincing that no reasonable mind could come to any other conclusion. The date of the note was entered on the ledger, and in extending the interest, the clerk who made the calculation, perhaps, overlooked the date of its discount and looked only to its date for data from which to calculate the interest on the note. It would therefore be unfair to hold the bank absolutely estopped to show, as a matter of fact, that the note did not become an obligation in its hands until a day subsequent to its date, to-wit, on the day it was discounted, nor would the trial court have been justified in holding that because appellant's name was en-

tered on the discount ledger under the heading "indors-ers," the bank was thereby estopped to deny that appellant did not sign as an indorser, in the face of the evidence of the clerk who made the entries in the ledger, and all names written on the back of a note discounted (whether makers or indorsers) were entered in this column and under this heading. It is further contended that as the evidence conclusively shows the note was in the bank's possession for some days before appellant wrote his name on the back of it, the note took effect before he wrote his name on it and for that reason he is not bound, as no new consideration passed for the purpose of obtaining his signature. Ordinarily, a note takes effect from the date of its delivery to the payee, and the presumption is that it takes effect the moment it is delivered. But delivery of a note, like other matters in pais, is subject to explanation, and if a note is delivered to the payee, with the understanding between the party making the delivery and the payee, that something else is to be done before the note becomes a binding obligation, as that the maker shall give a certain security for the payment of the note or that another party shall sign it as a maker or an indorser, the delivery, so as to bind the parties, is not completed until the conditions are complied with. And the fact that the note in suit was not discounted until February first is some evidence tending to show it was not accepted by the bank until the day it was discounted, and after appellant had written his name on the back of it, and we conclude that the trial court did not err in refusing appellant's peremptory instruction.

Appellant asked and the court refused the following instructions:

"2. The court instructs the jury that it is admitted by the parties to this case that the cashier of the plaintiff bank with whom the negotiations between the defendant Pryibil and the bank were had, is now dead, and the

court instructs the jury that by reason of the said death the law will not permit the defendant Pryibil to testify in this trial to any conversations, contracts or agreements had with him, the said cashier, and the court further instructs the jury that the fact that Pryibil's name appears on the back of the note sued on creates what is known in law as merely prima-facie evidence that he signed the note as a maker thereof, but that this may be rebutted by the facts, circumstances and evidence in the case, and if from all the evidence the jury believe that the defendant Pryibil put his name on the back of the note in evidence, under an agreement or understanding with the cashier of the International Bank, that he, Pryibil, should be liable only as indorser or guarantor or surety and not as a joint maker thereof, then you will find for the defendant Pryibil.

"3.    The court instructs the jury that if they believe from the evidence that the plaintiff, the International Bank, in the matter of the note sued on in this case, treated and regarded George J. Enderle, as the sole maker of said note and treated and regarded the defendant Pryibil merely and solely as an indorser on said note and not as a joint maker thereof, the jury should find in favor of the defendant Pryibil.

"4.    The court instructs the jury that, if from the evidence, the jury believe that the defendant Pryibil, did not write his name on the back of the note sued on in this case, until after the said note had been made and delivered by George Enderle to the International Bank, and that at the time the defendant Pryibil wrote his name on the back of the said note, the said note was in the actual possession of the said bank, then the jury should find in favor of the defendant Pryibil."

The second instruction is a comment on the evidence and is also predicated on facts not in evidence, and for these reasons was properly refused. Number 3 assumes that the mere possession of the note by the bank,

before appellant wrote his name on it, was conclusive evidence that the note took effect and became a binding obligation before appellant signed it, whereas there is evidence tending to show it was delivered to the bank by Enderle to be held by it for appellant's signature and was not to take effect until so signed. Number 3 is substantially supplied by number 5, given by the court, which reads as follows:

"5. The court instructs the jury that if they believe from the evidence, that the defendant Pryibil put his name on the back of the note sued on in this case, under an agreement or understanding with the International Bank, that he, Pryibil, should be liable thereon only as an indorser, then the defendant Pryibil is not liable thereon in this action, and the jury should find for the defendant Pryibil."

Discovering no reversible error in the record, the judgment is affirmed. All concur.